UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
HECTOR SANTIAGO,                    :
                                    :
           Petitioner,            :    **Hon. Joseph H. Rodriguez**
                                    :
    v.                             :    Civil Action No. 11-7427 (JHR)
                                    :
UNITED STATES OF AMERICA,           :
                                    :    **O P I N I O N**
           Respondent.           :
_____:

       Presently before the Court is the Petition [1] for Writ of Habeas Corpus filed by Hector Santiago ("Santiago"), an inmate incarcerated at FCI Fairton in New Jersey, to vacate his sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss the petition [5]. The Court has considered the written submissions of the parties without oral argument. For the reasons expressed below, the Petition will be dismissed.

## I. Background

       Hector Santiago plead guilty to a one count Information, which charged him with a violation of 21 U.S.C. § 846 on July 9, 2008. Following sentencing, Santiago successfully challenged his attorney as ineffective for failing to file a direct appeal under 28 U.S.C. § 2255. A direct appeal was permitted which resulted in a new sentencing hearing for Santiago; Santiago was re-sentenced on April 21, 2010 to a term of imprisonment of 84 months, followed by a three-year term of supervised release and a fine.

On August 24, 2011, Santiago filed a second Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") decision denying him credit towards his sentence under 18 U.S.C. § 3585(b) for the 13 months he was on bail.[1] Alternatively, Santiago argued that without credit for his time on bail, his guilty plea was unconstitutional since he was not advised that the 13 months on bail would not be credited toward his sentence. This Court dismissed the Petition because the BOP did not abuse its discretion in denying Santiago's request. Since § 2241 does not confer this Court with jurisdiction over Santiago's guilty plea, Santiago was given permission to re-characterize his Petition as a motion to vacate pursuant to 28 U.S.C. § 2255.

On October 12, 2011, Santiago submitted a document stating that he wanted this Court to reconsider the dismissal of his § 2241 challenge to the BOP's denial of credit for the time he spent on bail. This Court granted that motion but dismissed the claim again because it was procedurally improper.[2] Then, on November 2, 2011, Santiago filed a motion to re-characterize the challenge as a motion to vacate under 28 U.S.C. § 2255. That motion is now before the Court.

---

[1] Because Santiago's first claim sought only to reinstate his right to appeal, and did not challenge the merits of his plea, the present petition is not a successive petition requiring leave from the United States Court of Appeals for the Third Circuit. See In re Olabode, 325 F.3d 166, 173 (3d Cir. 2003) (a second petition under § 2255 is not abusive or successive where the first petition merely seeks to reinstate the right to file a direct appeal.)

[2] This action by the Court is what likely prompted Santiago to ask for clarification. See Civ. No. 11-4957, Dkt. No. 10. The purpose of the reconsideration order was to procedurally close the § 2241 petition for statistical purposes in anticipation of Santiago properly filing a § 2255 Petition. The Order did not impact the merits of Santiago's claims which he is pursuing here. While Santiago's confusion is understandable, he should be assured that the merits of his claim were not dismissed at that point.

The Government moves to dismiss the petition for two reasons. First, the Government argues that the Petition is untimely because it was filed beyond the one year statute of limitations period promulgated by 28 U.S.C. § 2255(f) and Petitioner is not entitled to have the limitations period equitably tolled. Second, and alternatively, the Government contends that no Rule 11 violation occurred because Petitioner's bail placed him in a halfway house, which is not considered "official detention" and does not qualify for sentencing credit under 28 U.S.C. §3585. As a result, Petitioner's attorney was not ineffective for failing to advise him that he would not receive credit or for failing to argue to the Court that Santiago should receive credit. In addition, The Court did not violate Rule 11 because Santiago was properly advised of his maximum sentence exposure during the plea hearing.

## II. Standards of Review

### A. Statute of Limitations

A one year statute of limitations applies to claims under 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The § 2255(f) statute of limitations is not jurisdictional.  Holland v. Florida, 130 S. Ct. 2549, 2552 (U.S. 2010) (citing Day v. McDonough, 547 U.S. 198, 205, 213 (2006)). When the one year statute of limitations violates principles of equity, the statute can be equitably tolled.  Id.  A petitioner is only entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2010)).  For instance, equitable tolling may be applied when a petitioner has been actively misled by the respondent or when a petitioner files a timely petition in the wrong forum.  Brown v. United States, Civ. No. 10-2784, 2011 WL 2148181, at *2 (D.N.J. May 31, 2011) (citing Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008)).

**B. § 2255 Claim**

1. Evidentiary Hearing

The Court must conduct an evidentiary hearing "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  "The question of whether to order a hearing is committed to the sound discretion of the district court." Government of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).

2. Rule 11 of the Federal Rules of Criminal Procedure

Certain omissions of the Court are not errors of the magnitude recognized under a writ of habeas corpus.  Hill v. United States, 368 U.S. 424, 428 (1962).

> The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission

> inconsistent with the rudimentary demands of fair procedure. It does not present 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'

Id. (citing Bowen v. Johnston, 306 U.S. 19, 27, 59 (1939)).[3]

The reasoning in Hill is applicable to formal violations of Rule 11. United States v. Timmreck, 441 U.S. 780, 783 (1979).[4] After Hill and Timmreck were decided, Rule 11 was amended to include subsection (h). Rule 11(h) provides:

> (h) Harmless Error. A variance from the requirements of this rule is harmless error if it does not affect substantial rights.

Fed. R. Crim. P. 11(h).

A § 2255 claim for a violation of Rule 11 must demonstrate an error of constitutional magnitude and prejudice resulting from that error. United States v. Cleary, 46 F.3d 307, 311 (3d Cir. 1995). Petitioner must show reasonable probability that, but for the Rule 11 error, he would not have pled guilty. United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

### 3. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a convicted defendant must show that counsel's deficient performance caused prejudice to the defense.

---

[3] The Petitioner in Hill filed a motion to vacate for being denied the right under Rule 32(a) of the Federal Rules of Criminal Procedure to make a statement in his own behalf and to present information to mitigate his punishment. Id. at 425. Since the lower court did not affirmatively deny the Petitioner's opportunity to speak, the Court ruled that the violation was merely a failure to comply with the formal requirements of the Rule. Id. at 429.

[4] The Plaintiff in Timmreck was not advised of the mandatory special parole in connection with his controlled substance charge. Id. at 782. The Court ruled that the formal requirements of Rule 11 had been violated, but the violation was not substantial enough to justify collateral relief. Id. at 785.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  Thus, the standard contemplates a two part inquiry; (1) whether counsel was deficient, and, if so (2) whether the petitioner was prejudiced by the deficiency.  A court evaluating counsel's performance must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.  "In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.  At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  Here, Santiago must demonstrate a reasonable probability that he would not have plead guilty to the charges if he knew that his time on home confinement did not qualify for sentencing credit under § 3585(b). See Dominguez Benitez, 542 U.S. at 83.

### III. Analysis

This Court informed Santiago that the limitations period for his § 2241 motion expired on May 13, 2011, three months before he filed the § 2241 petition. Santiago v. Shartle, Civ. No. 11-4957, 2011 WL 4073506, at *6 n.4 (D.N.J. Sept. 13, 2011).  The Government argues that the statute of limitations for the present petition expired on April 24, 2011.  As a result, in the absence of equitable tolling, this motion is untimely.

<u>Id.</u>

Santiago is not entitled to equitable tolling of the limitations period because he did not act with requisite diligence and because he cannot demonstrate that an impediment prevented him from filing sooner. Santiago, who began serving his sentence on October 14, 2010, filed an administrative claim with the Bureau of Prisons on December 13, 2010 that questioned whether he was entitled to sentencing credit for the time he spent on house arrest. That grievance, or claim, was promptly denied on December 15, 2010. Santiago again petitioned for a determination of his entitlement to sentencing credit on December 22, 2010; that petition was also denied on December 30, 2010. Santiago then petitioned the Regional Office of the Bureau of Prisons on January 20, 2011; that petition was denied on April 14, 2011. Another petition was filed on May 17, 2010 and rejected on June 17, 2010. Santiago claims he acted with requisite diligence because he was required to exhaust his administrative remedies before he could file his Petition under § 2241, which he filed on August 25, 2010.

Santiago's claim of administrative exhaustion is not without some force as to the claim for credit under § 2241. "Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241." <u>Callwood v. Enos</u>, 230 F.3d 627, 634 (3d Cir. 2000). Santiago's pursuit of an answer from the Bureau of Prisons spanned numerous months and demonstrates that he was pursuing his rights. However, diligence in pursuit of credit does not apply to his present claim — that his attorney was ineffective for failing to advise him that he was not entitled to the credit. Santiago knew he had a claim against his attorney for failing to advise him of this fact well before the statute expired; his

numerous petitions for relief had been summarily denied, with three of the four filed grievances being denied prior to the expiration of the limitations period on April 25, 2011. Santiago knew, or should have known, that he had a claim for ineffective assistance of counsel upon receiving the denial letters from the various administrative levels of the Bureau of Prisons. Also, having previously, and successfully, challenged his counsel as ineffective for failing to file a direct appeal, Santiago was familiar with the statutory scheme of § 2255 and ostensibly the limitations period therein.

The Court concludes that Santiago's neglect of his claims against counsel and the Court do not justify tolling the statute of limitations.[5] Likewise, Santiago's mistaken belief that his claim was redressable under § 2241 is insufficient to excuse his failure to comply with the one year limitations period under § 2255. See Jones v. Morton, 195 F.3d 153160 (3d Cir. 1999). The statute of limitations will not be equitably tolled.

**B. § 2255 Claim**

Even if Petitioner's § 2255 claim for an alleged violation of Rule 11 of the Federal Rules of Criminal Procedure is timely, it still fails because a Rule 11 violation did not occur. The Court will not conduct an evidentiary hearing because Santiago's claim is defective as a matter of law.

---

[5] At best, Santiago's mistaken belief that his claim was redressable under §2241 may constitute excusable neglect. This, however, is insufficient to trigger the extraordinary remedy of equitable tolling. "A lack of familiarity with law is not sufficient, U.S. v. Kimbrew, No. 07–163, 2010 WL 2773149 at *2 (July 13, 2010), nor is attorney malfeasance alone, Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir.2004). Finally, an untimely petitioner must show that they were nevertheless diligent—"excusable neglect is not sufficient." Id." United States v. Smith, 2011 WL 5549095 at *2 (M.D.Pa. November 15, 2011). Thus, while Petitioner may show diligence in pursuit of his claim for credit under §2241, that diligence in inapplicable to his pursuit for redress under §2255.

Santiago's allegations are somewhat muddled, as he oscillates between accusing the Court and/or his counsel of failing to advise him that he would not receive credit for the time he spent on house arrest.[6]  Both allegations appear to allege that this Court and counsel violated Rule 11 of the Federal Rules of Criminal Procedure by failing to inform him that he would <u>not</u> receive credit against his sentence for the time he spent on bail.

First, counsel was not deficient in failing to advise Santiago that he would not receive credit for his time on bail, as home confinement does not constitute "official detention" so as to be eligible for sentencing credit under § 3585. <u>Reno v. Koray</u>, 515 U.S. 50(1995).  Likewise, counsel was not ineffective for failing to argue for credit, as Santiago was not entitled to such and the Court has no authority to make such an award. <u>See</u> <u>Ruggiano v. Reish</u>, 307 F.3d 121, 132 (3d Cir. 2002) ("The sentencing court has no authority to award 'credit' as that term is used in § 3585 (b).").

Even if one could argue that counsel was ineffective, Santiago cannot demonstrate prejudice as the Court informed him of the maximum sentencing exposure associated with the charges to which he plead guilty. In addition, even if counsel made an assurance of credit, "[i]t has long been settled as a general rule that where an adequate guilty plea hearing has been conducted, an erroneous prediction or assurance by defense counsel regarding the likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective assistance of counsel." <u>Brown v. United States</u>, 75 F.Supp.2d 345, 354 (D.N.J. 1999).  Thus, even if Santiago was under

---

[6] Santiago was placed on house arrest with electronic monitoring on September 26, 2007 and remained on home confinement until September, 2008.  During this time he was permitted work.

the impression that he was eligible for credit, Santiago cannot demonstrate prejudice.

Moreover, the Court made Santiago aware of the consequences of his plea during the plea hearing. This fact vitiates Santiago's prejudice argument as to counsel's performance, because Santiago was aware of the potential length of his sentence, and also undermines his claim of a Rule 11 violation by the Court. See Adams v. United States, 2007 WL 1544208 (May 29, 2007 D.N.J.) (Stating that the Rule 11 colloquy "eliminates any arguable prejudice from an earlier estimate by counsel") (citations omitted). Under Rule 11, the Court must ensure that the Defendant knows the possible consequences of his plea. Woodward v. United States, 426 F.2d 959, 962-963 (3d Cir. 1970). Santiago was made aware of the possible consequences of his plea on July 9, 2008, when he pled guilty to conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin. At that time, this Court informed Santiago that he could be subject to a maximum of 20 years in prison and a maximum fine equal to the greatest of one million dollars or twice the gross profits or other proceeds received by him. Transcript of Guilty Plea at 9, United States v. Santiago (2008) (No. 08-478).

Although the record does not indicate a warning to Santiago that his time spent on bail rendered him ineligible for credit against the imposed sentence, this alone does not constitute a Rule 11 violation because Santiago was informed of the consequences of his plea. See id. The Court asked Santiago if he "under[stood] that a Court is not bound to accept any of the agreements or stipulations entered into between the parties?" Id. at p. 12. Santiago replied that he understood. Id. A review of the transcript of Santiago's plea demonstrates that Santiago was properly advised by the Court — and by the

Government— of the consequences of his plea and the maximum length of his potential sentence. As a result, cannot prove a violation of Rule 11, or that he was prejudiced by his counsel's performance in any way. Petitioner's claim, even if timely, is without merit and will be dismissed. See Dominguez Benitez, 542 U.S. at 83.

### IV. Conclusion

For the reasons set forth above, the government's motion to dismiss is granted; Santiago's petition under 28 U.S.C. § 2255 is dismissed. The appropriate order shall issue.

Dated: December 12, 2012

                          S/ Joseph H. Rodriguez
                          **HON. JOSEPH H. RODRIGUEZ**,
                          United States District Judge